**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

RAIMUNDO A. HOGAN,

      Plaintiff,

v.

                                    Case No. 5:25-cv-324-MMH-PRL

BUREAU OF ALCOHOL,
TOBACCO, FIREARMS AND
EXPLOSIVES,

      Defendant.

_____

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss (Doc. 19; Motion), filed December 19, 2025. In the Motion, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) seeks dismissal of Raimundo A. Hogan's Complaint for Violation of Civil Rights (Doc. 8; Second Amended Complaint), filed July 7, 2025. In opposition to the Motion, Hogan, proceeding pro se, timely filed Plaintiff's Response to Defendants [sic] Motion to Dismiss (Doc. 26; Response), filed March 19, 2026. Accordingly, the Motion is ripe for review.

On May 22, 2025, Hogan initiated this action by filing a petition for a writ of mandamus in this Court. See generally Motion for Mandamus Pursuant to 28

U.S.C. § [sic] 1361, 1651 (Doc. 1; Writ of Mandamus). In the operative Second Amended Complaint, Hogan brings a claim against the ATF for violations of his First Amendment rights and the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Second Amended Complaint at 1, 3–4.[1] The ATF moved to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)). See generally Motion.

Both parties rely on documents attached to the Motion to make their arguments for and against dismissal. See generally Motion; Response. If, on a motion under Rule 12(b)(6), a party presents a matter outside of the pleadings and the Court does not exclude it, the Court must treat the motion as a motion for summary judgment under Rule 56. Rule 12(d). Upon converting a motion to dismiss into a motion for summary judgment, the Court must give the parties a "reasonable opportunity" to present all pertinent materials. Id. Because the parties ask the Court to consider multiple documents outside of the pleadings, the Court concludes that the best course is to convert the Motion into a motion for summary judgment.

---

[1] Although Hogan styles his claim as a Bivens claim, Second Amended Complaint at 3, in substance, it appears to be a FOIA claim, see generally id. Because the Court liberally construes pro se pleadings, the Court will treat Hogan's claim as a FOIA claim. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)

2

For the foregoing reasons, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 19) is **CONVERTED** into a motion for summary judgment and will be reviewed pursuant to Rule 56, Federal Rules of Civil Procedure.

2. The parties shall file briefs on the issue of exhaustion supported by evidence (such as affidavits or documents) by **July 24, 2026**.

3. Each party shall respond to the opposing party's brief by **August 14, 2026**. These responses shall not exceed fifteen pages.

4. The Court may grant summary judgment in favor of the ATF if Hogan fails to file any brief or response. In addition, the Court may grant summary judgment in favor of the ATF if Hogan fails to establish the existence of any genuine dispute of fact as to the exhaustion of administrative remedies.

**DONE AND ORDERED** in chambers this 26th day of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
Copies to:
Counsel of Record
Pro Se Party

3